Deborah MORGAN–LELAND

v.

UNIVERSITY OF MAINE.

Supreme Judicial Court of Maine.

Argued Sept. 22, 1993.
Decided Oct. 22, 1993.

Laurie Anne Miller, (orally), Ferris, Dearborn & Willey, Brewer, for plaintiff.

Peter M. Weatherbee, (orally), Mitchell & Stearns, Bangor, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

WATHEN, Chief Justice.

Deborah Morgan–Leland appeals from a decision of the Maine Workers' Compensation Board dismissing her petition for reinstatement. She contends that the Board improperly applied a statute enacted subsequent to the date of her injury. Finding no error, we affirm.

Morgan–Leland received a work-related injury in 1988, while employed by defendant University of Maine, and received workers' compensation benefits for total incapacity. Subsequently, she returned to work in another position but was later laid off and full compensation payments were resumed. In 1993, Morgan–Leland filed a petition seeking reinstatement to work pursuant to the provisions of the Workers' Compensation Act in effect at the time of her injury. That statute allowed reinstatement anytime "until one year after the employee has reached the stage of maximum medical improvement...." 39 M.R.S.A. § 66–A(3), *repealed by* P.L.1991, ch. 885, § A–7 (effective January 1, 1993). The Board found that Morgan–Leland's petition was barred by the current Act, which provides in relevant part:

> The employer's obligation to reinstate the employee continues until one year, or 3 years if the employer has over 200 employees, after the date of the injury.

39–A M.R.S.A. § 218(3) (Pamph.1993). Because the University had more than two hundred employees and more than three years had elapsed since the date of Morgan–Leland's injury, the Board dismissed her petition.

Morgan–Leland argues that application of the new statute to injuries occurring before its effective date is improper because there is no clear indication that the legislature intended such an application. She concedes that the legislature can take such action; the only issue is whether the legislature has clearly indicated an intention to do so. *See, e.g., Norton v. C.P. Blouin, Inc.,* 511 A.2d 1056, 1061 (Me.1986) (allowing application of asbestos statute to injuries incurred before effective date where legislature clearly intended that application). The University argues that there is clear evidence of legislative intent to apply section 218 to injuries occurring before the effective date of the statute.

In enacting the new workers' compensation statute, including section 218, the legislature provided:

So as not to alter benefits for injuries incurred before January 1, 1993, for matters in which the injury occurred prior to that date, *all the provisions of this Act apply, except that the Maine Revised Statutes, Title 39–A, sections 211, 212, 213, 214, 215, 221, 306, and 325 do not apply.* With regard to matters in which the injury occurred prior to January 1, 1993, the applicable provisions of former Title 39 apply in place of Title 39–A, sections 211, 212, 213, 214, 215, 221, 306 and 325.

P.L.1991, ch. 885, § A–10(1) (emphasis added). A clearer statement of legislative intent to apply section 218 to injuries occurring before the effective date of the new statute is hard to imagine.

The entry is:

Judgment affirmed.

All concurring.