**Danny R. RILEY**

v.

**BATH IRON WORKS CORP.**

and

**Liberty Mutual Insurance Co.**

**Robert GAGNE**

v.

**SACO DEFENSE, INC.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 28, 1994.

Decided March 31, 1994.

Jonathan Beal, Fontaine & Beal, Portland, for Gagne.

Justin W. Leary, Benjamin DeTroy, Lewiston, for Riley.

Stephen Moriarty, Robert Bower, Norman, Hanson & Detroy, Portland, for the employers.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

RUDMAN, Justice.

■ In this consolidated appeal, we are asked to determine whether in Title 39–A of the Maine Revised Statutes Annotated, the Legislature's intent to affect petitions pending on the effective date of the Act is clear and unequivocal. 39–A M.R.S.A. §§ 101–909 (Supp.1993) (enacted by P.L.1991, ch. 885 (effective January 1, 1993)). Both Danny Riley[1] and Robert Gagne[2] were injured prior to and had petitions for lump sum payments pending on January 1, 1993, the effective date of Title 39–A. Riley appeals from the decision of the Workers' Compensation Board that section 352 of Title 39–A applies to petitions for lump sum payments pending on the effective date of Title 39–A, and Saco Defense, Inc. appeals from an order of the Workers' Compensation Board reaching the opposite conclusion on the same issue and applying section 71–A of Title 39 to a lump sum payment petition pending on the effective date of Title 39–A. Bath Iron Works and Liberty Mutual Insurance Co., its insurer at the time of Riley's injury, objected to Riley's petition for a lump sum payment. Riley's petition was denied on the basis that a lump sum payment cannot be approved pursuant to section 352 of Title 39–A when both the employer and insurer object to the payment.

We find that the Legislature's intent for the new Act to affect pending petitions for lump sum payments is not clear and unequivocal and therefore hold that section 71–A of Title 39 is applicable to a lump sum payment petition pending on the effective date of Title 39–A. We therefore need not interpret section 352.

■ As a general rule, "[a]ctions and proceedings pending at the time of the passage, amendment or repeal of an Act or ordinance are not affected thereby." 1 M.R.S.A. § 302 (1989). As we said in *DeMello v. Dept. of Envtl. Protection*, 611 A.2d 985, 986 (Me.

1992), however, section 302 provides a rule of construction only, and the rule is controlling "absent clear and unequivocal language to the contrary."

In enacting Title 39–A, the Legislature clearly and unequivocally dealt with the temporal application of the new statute to "matters in which the injury occurred prior to January 1, 1993." P.L.1991, ch. 885, § A–10(1); *Morgan–Leland v. University of Maine*, 632 A.2d 748, 748–49 (Me.1993). That expression of legislative intent, however, does not at all address the question of whether the Act applies to pending proceedings. We have previously discussed the application of new workers' compensation legislation to pending proceedings. *See Tompkins v. Wade & Searway Constr. Corp.*, 612 A.2d 874, 879 (Me.1992). We must assume the Legislature understands the importance of making its intent particularly clear when it intends legislation to impact pending litigation.

Based on the legislative intent as revealed in the language of § A–10 and the Act's statement of fact, we cannot say that the intent of the Legislature to affect pending proceedings is clear and unequivocal. The statement of legislative intent reads:

This Part applies to all matters in which an injury occurs on or after January 1, 1993. So as not to alter benefits for injuries incurred before January 1, 1993, for matters in which the injury occurred prior to that date, all the provisions of this Act apply, except that the Maine Revised Statutes, Title 39–A, sections 211, 212, 213, 214, 215, 221, 306, and 325 do not apply. With regard to matters in which the injury occurred prior to January 1, 1993 the applicable provisions of the former Title 39 apply in place of Title 39–A, sections 211, 212, 213, 214, 215, 221, 306 and 325. The Workers' Compensation Board is authorized to and shall adopt rules governing

---

1. Danny Riley suffered a compensable injury on August 25, 1985. He filed a petition for a lump sum payment on December 21, 1992. On June 7, 1993, the Workers' Compensation Board dismissed Riley's petition as barred by Title 39–A.

2. Robert Gagne suffered a compensable injury on October 12, 1980. He filed a petition to

commute his benefits to a lump sum payment on September 29, 1992. On June 17, 1993, the Workers' Compensation Board ruled that Gagne's petition was governed by Title 39. In the interest of judicial economy, we granted appellate review and consolidated the two matters.

the disposition of claims pending on January 1, 1993, in a manner that applies the applicable provisions of this Act to those claims to the maximum extent feasible. P.L.1991, ch. 885, § A–10 (effective January 1, 1993).

We look to the final sentence in section A–10, directing the Board to adopt rules applying the new Act to "claims pending on January 1, 1993 . . . to the maximum extent feasible." P.L.1991, ch. 885, § A–10 (emphasis added). Gagne argues, and we agree, that the final sentence of section A–10 is not the "clear and unequivocal" language required by *DeMello*, 611 A.2d at 986. Section A–10 makes no *definite* assertion of the application to pending proceedings at all, but instead leaves the problem to the Board. Although the Board did adopt rules effective April 7, 1993, they do not specifically address the application of section 352 to pending proceedings. *See* Me.W.C.C.Rule 12.6. Thus neither the Legislature nor the Board has made a clear and unequivocal statement as to the applicability of section 352 to pending proceedings.

It is in precisely such circumstances that section 302 comes into play. Absent the requisite clear and unequivocal language to the contrary, the general rule that actions and proceedings pending at the time of the passage, amendment or repeal of an act or ordinance are not affected thereby, applies. Section 71–A of Title 39 is therefore applicable to the petitions for approval of lump sum payments of Riley and Gagne pending on January 1, 1993.

The employers recognize that we changed direction in the application of 1 M.R.S.A. § 302 by our decision in *DeMello*, 611 A.2d at 986. They misperceive the nature of the change, however, by their contention that *Danforth v. L.L. Bean, Inc.*, 624 A.2d 1231 (Me.1993), is inconsistent with *DeMello*. We held in *DeMello* that, contrary to dictum in *Schlear v. Fiber Materials, Inc.*, 574 A.2d 876 (Me.1990), the substantive/procedural dichotomy was not relevant to the application of the legislatively created rule of construction contained in section 302, whereby amendments do not affect actions or proceedings pending on the effective date of the

amendment. 611 A.2d at 987. Contrary to the employers' interpretation, *DeMello* does not disturb the judicially created presumption that, absent any pending action or proceeding and absent any legislative statement to the contrary, the Legislature intends that procedural changes apply to preexisting, inchoate interests and that substantive changes do not.

Cases cited by the employers fall into three categories. First, there are cases in which no action or proceeding was pending on the effective date of legislative action. *E.g., Morgan–Leland v. University of Maine*, 632 A.2d 748; *Danforth*, 624 A.2d 1231; *City of Portland v. Fisherman's Wharf Assocs. II*, 541 A.2d 160 (Me.1988); *Michaud v. Northern Maine Medical Ctr.*, 436 A.2d 398 (Me.1981); *Merrill v. Eastland Woolen Mills, Inc.*, 430 A.2d 557 (Me.1981); *Dobson v. Quinn Freight Lines*, 415 A.2d 814 (Me. 1980); *Reggep v. Lunder Shoe Prods. Co.*, 241 A.2d 802 (Me.1968); *Miller v. Fallon*, 134 Me. 145, 183 A. 416 (1936). Second, there are cases in which an action or proceeding was pending on the effective date of legislative action and section 302 was correctly applied. *E.g., State v. Dyer*, 615 A.2d 235 (Me.1992); *Tompkins*, 612 A.2d at 879; *DeMello*, 611 A.2d at 986–87. Third, there are cases in which an action or proceeding was pending and section 302 was either not cited or not applied. *E.g., Schlear*, 574 A.2d at 876; *Commissioner of Dept. of Human Servs. v. Massey*, 537 A.2d 1158 (Me.1988); *Norton v. C.P. Blouin, Inc.*, 511 A.2d 1056 (Me.1986); *Sutherland v. Pepsi–Cola Bottling Co.*, 402 A.2d 50 (Me.1979). Notwithstanding any confusion that might exist in our prior decisions, it is important for counsel to recognize the distinction between the determination of the Legislature's intent concerning the temporal application of legislation to pending proceedings, as opposed to the Legislature's intent concerning the temporal application of legislation to preexisting, inchoate interests. In considering the former question, counsel should look to section 302 in the absence of a clear and unequivocal direction contained in the legislation. *See, e.g.*, 23 M.R.S.A. § 156 (1991) ("Notwithstanding Title 1, section 302, this section

shall apply to all actions and proceedings pending on the effective date of this Act."), *cited in Tompkins,* 612 A.2d at 879. *See also City of Portland,* 541 A.2d at 163–64.

The entry is:

The decree of the Workers' Compensation Board in *Riley v. Bath Iron Works* is vacated with regard to its holding that section 352 of Title 39–A of the Maine Revised Statutes Annotated applies to a petition for lump sum payment pending on January 1, 1993.

The decree of the Workers' Compensation Board in *Gagne v. Saco Defense, Inc.* is affirmed with regard to its holding that section 71–A of Title 39 of the Maine Revised Statutes Annotated applies to a petition for lump sum payment pending on January 1, 1993. Attorney fees of $750 awarded to the employee.

Both matters are remanded for further proceedings consistent with the opinion herein.

All concurring.