**Frank GIFFORD**

v.

**NELSON FREIGHTWAYS, et al.**

Supreme Judicial Court of Maine.

Argued Nov. 18, 1993.

Decided July 29, 1994.

Patrick N. McTeague, (orally), Jeffrey L. Cohen, McTeague, Higbee, Libner, MacAdam, Case & Watson, Topsham, for employee.

James C. Hunt, (orally), Robinson, Kriger, McCallum & Greene, P.A., Portland, for employer.

Before WATHEN, C.J., ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and DANA, JJ., and COLLINS, A.R.J.*

* Justice Collins sat at oral argument and participated in the initial conference while he was a Justice, and, on order of the Chief Justice, was authorized to continue his participation in his capacity of Active Retired Justice.

COLLINS, Active Retired Justice.

Nelson Freightways and its insurer, Employers Insurance of Wausau, appeal a decision of the Workers' Compensation Board reinstating payment of benefits to Frank Gifford, an employee injured in 1987, after they unilaterally discontinued payments on January 1, 1993. They stopped paying benefits to Gifford, who has been incarcerated since 1990, on the ground that he is no longer entitled to receive payment pursuant to 39-A M.R.S.A. § 203 (Supp.1993) (a workers' compensation recipient who becomes incarcerated forfeits his benefits). We hold that the plain language of the Workers' Compensation Act, both the newly enacted title 39-A and its predecessor title 39, dictates that Gifford continue to receive payment, and therefore we affirm the decision of the Board.

On September 23, 1987, Frank Gifford sustained a back injury while employed by Nelson Freightways. Wausau, the workers' compensation carrier, paid regular benefits to Gifford. On February 2, 1990, Gifford was convicted for the crimes of rape and gross sexual misconduct for which he is currently serving his sentence.[1] On May 10, 1990, Nelson Freightways filed a Petition for Review of Incapacity seeking to reduce or terminate Gifford's benefits. The Workers' Compensation Commission ordered that Gifford's benefits be reduced to forty percent incapacity. Gifford appealed and Nelson Freightways cross-appealed. At the time of the filing of the instant appeal, the appeal of the incapacity ruling was still pending before the then existing and now defunct Appellate Division.[2] That appeal has been resolved.

On January 1, 1993, Wausau unilaterally terminated[3] Gifford's benefits on the ground that section 203 of the newly enacted title 39-A Workers' Compensation Act disallowed payments to incarcerated recipients. Wausau contended that this provision applied to all injuries occurring prior to the enactment date of the new Act. Gifford filed a petition to compel payment. The Board ordered Wausau to recommence payments to Gifford, specifically stating that section 203 did not apply to Gifford's 1987 injury. Nelson Freightways and Wausau appealed this decision. We granted their petition for appellate review.

▮ Section 203 of title 39-A provides: "Compensation for incapacity under section 212 or 213 may not be paid to any person during any period in which that person is a sentenced prisoner in actual execution of a term of incarceration." When the Legislature enacted the revised Workers' Compensation Act, it provided the following explanation with respect to the Act's intended application:

> This part applies to all matters in which an injury occurs on or after January 1, 1993. So as not to alter benefits for injuries incurred before January 1, 1993, for matters in which the injury occurred prior to that date, all the provisions of this Act apply, except that the Maine Revised Statutes, Title 39-A, sections 211, 212, 213, 214, 215, 221, 306, and 325 do not apply. With regard to matters in which the injury occurred prior to January 1, 1993, the applicable provisions of former Title 39 apply in place of Title 39-A, sections 211, 212, 213, 214, 215, 221, 306 and 325.

P.L.1991, ch. 885, § A-10(1). Nelson Freightways argues that because section 203 is not one of the enumerated sections in section A-10 of title 39-A, it applies to Gifford's pre-1993 injury. *See Morgan-Leland v. University of Maine,* 632 A.2d 748, 749 (Me.1993) (section A-10 clearly demonstrated the legislative intent to apply all unenumerated sections of title 39-A to injuries occurring before its effective date). We disagree. A plain reading of both section 203 and its

---

1. We affirmed that conviction. *State v. Gifford,* 595 A.2d 1049 (Me.1991).

2. Gifford had argued that the pending appeal before the Appellate Division on many of the same issues barred review by this Court in the instant appeal. We reject this argument. The reinstatement order on appeal here today is a separate action from the incapacity order that was before the Appellate Division, and therefore we are free to review it.

3. Nelson Freightways also asks us to decide whether the employer may automatically and unilaterally terminate benefits at the time a recipient is incarcerated. Because this issue was not before the Board, we decline to review it at this time.

predecessor, section 102–A of title 39, makes it clear that Gifford's benefits are unaffected by the enactment of title 39–A, thus making an analysis of the potential retroactive application of the statute unnecessary.

Section 203 specifies that only those prisoners receiving benefits *pursuant to sections 212 or 213,* the sections relating to compensation for full or partial incapacity, forfeit their benefits if they become incarcerated. Sections 212 and 213 are enumerated in section A–10 as *not* being applicable for matters in which the injury occurred prior to January 1, 1993. Therefore Gifford is not receiving his benefits under either of these two sections, but rather is receiving benefits under the predecessors to sections 212 and 213, that is, sections 54–B and 55–B of title 39. Thus, by its own restrictive language, the section 203 forfeiture of benefits does not apply to Gifford because he is not receiving his benefits under the provisions of newly enacted title 39–A.[4]

■ Nor does the section in title 39 that dealt with the forfeiture of prisoners' benefits apply to Gifford. 39 M.R.S.A. § 102–A (1989) (benefits under sections 54–B and 55–B suspended during period of incarceration). When that section was enacted, the Legislature expressly stated that it was to apply "only to injuries occurring on or after the effective date of this Act." P.L.1987, ch. 559, §§ 43, 54. Gifford suffered his compensable injuries two months prior to the November 1987 effective date of this provision and therefore his benefits continued. Because section 203 limits application to those receiving benefits under the new Act, Gifford's benefits under title 39 must be reinstated.

The entry is:

Decision affirmed.

All concurring.

---

4. Because we hold that § 203 does not apply to Gifford's injury, we do not have to decide whether retroactive application of newly enacted title 39–A would violate Gifford's right to due process.

*See Tompkins v. Wade & Searway Constr. Corp.,* 612 A.2d 874, 878 (Me.1992); *Norton v. C.P. Blouin, Inc.,* 511 A.2d 1056, 1060 n. 5 (Me.1986).