**Laurie BEAULIEU**

v.

**MAINE MEDICAL CENTER et al.**

**Carolyn J. LIBBY**

v.

**EASTLAND SHOE MANUFACTURING CO. et al.**

**Gerald E. SNOW**

v.

**MAINE EYE CARE ASSOCIATES et al.**

**Jacalyn FEARON**

v.

**FAMILY DENTAL HEALTH et al.**

**Richard LUCAS**

v.

**PORTLAND VALVE et al.**

Supreme Judicial Court of Maine.

Argued April 2, 1996.
Decided April 25, 1996.

Jeffrey L. Cohen (orally), Jeffrey Neil Young, Maureen Dea, McTeague, Higbee, MacAdam, Case, Watson & Cohen, Topsham, Douglas S. Kaplan (orally), Kaplan & Grant, Portland, for Employees.

Richard F. vanAntwerp (orally), Margaret Phair, Robinson, Kriger, McCallum & Greene, P.A., Portland, David S. Sherman, Jr., Piampiano & Gavin, Portland, William S. Wilson, Jr., Robert C. Brooks, Verrill & Dana, Portland, for Employers.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and LIPEZ, JJ.

ROBERTS, Justice.

In these five consolidated appeals, we address the narrow question whether 39–A M.R.S.A. § 102(4)(H) applies to pre–1993 injuries in proceedings initiated after January 1, 1993, despite Workers' Compensation Board Rule 1.4(B). Me.W.C.B. Rule 1.4(B) (currently Me.W.C.B. Rule 4.2). We conclude that the section does apply to pre–1993 injuries, and accordingly we vacate four of the five decisions.[1]

As part of the Maine Workers' Compensation Act of 1992, the Legislature enacted the section codified in 39–A M.R.S.A. § 102(4)(H) (Supp.1995), as follows:

> H. "Average weekly wages, earnings or salary" does not include any fringe or other benefits paid by the employer that continue during the disability. Any fringe or other benefit paid by the employer that does not continue during the disability must be included for purposes of determining an employee's average weekly wage to the extent that the inclusion of the fringe or other benefit will not result in a weekly benefit amount that is greater than ⅔ of the state average weekly wage at the time of injury.

Some of the cases before us involve benefits for total incapacity and some involve benefits for partial incapacity at varying rates. Some of the decisions are based on the hearing officer's conclusion that the Legislature did not intend that section 102(4)(H) apply. Some of the decisions are based on the hearing officer's conclusion that Board Rule 1.4(B) is controlling, despite being inconsistent with the legislative intent. Board Rule 1.4(B) provides: "Calculation of the employee's average weekly wage, including the inclusion of fringe benefits in such calculation, shall be governed by the law in effect at the time of the employee's injury." If the rule is inconsistent with the statute, it cannot be enforced.

We first look to legislative intent concerning the temporal application of title 39–A as expressed in section A(10) of chapter 885 of Public Laws 1991. There the Legislature stated that "for matters in which the injury occurred prior to [January 1, 1993] all the provisions of [title 39–A] apply, except that ... sections 211, 212, 213, 214, 215, 221, 306, and 325 do not apply." P.L.1991, ch. 885, § A–10 (effective January 1, 1993). Because section 102 is not listed in section A–10 the Legislature intended that it be applied to pre–1993 injuries. *See Morgan–Leland v. University of Maine,* 632 A.2d 748, 749 (Me. 1993) (a clearer statement of legislative intent is hard to imagine).

The employers argue that because section 102 is a definitional provision it must be applied only in relation to the "substantive" provisions of the Act, i.e., those provisions that govern the award of total or partial benefits, sections 212 and 213. When former sections 54–B and 55–B govern the employee's entitlement to benefits, they contend, the definitional provisions of title 39 should apply. We disagree. We find nothing in the plain language of the legislation to suggest such an intent. Moreover, the employers' reliance on *Gifford v. Nelson Freightways,* 645 A.2d 11 (Me.1994), is misplaced. In *Gifford* we concluded that section 203, denying benefits to incarcerated employees, only applies to employees receiving "[c]ompensation for incapacity *under section 212 or 213* " and expressly does not apply to employees receiving benefits pursuant to section 54–B or 55–B. *Id.* at 13. Unlike section 203, section 102 is not expressly limited to employees receiving compensation for incapacity pursuant to section 212 or 213.

Finally, the employers in the Fearon and Lucas cases argue that they should not be required to perform a week-by-week analysis of whether fluctuating weekly benefits fall above or below two thirds of the statewide average weekly wage. Because the Board has not yet dealt with the practical problems of applying section 102 in the context of variable weekly benefits, we do not believe that presumed administrative difficulties should affect our interpretation. Moreover, the employers' concerns must be addressed

---

1. Because the petition in *Beaulieu v. Maine Medical Center,* WCB–95–43, was pending on the effective date of the statute enacting title 39–A, it is controlled by title 39. *Riley v. Bath Iron Works Corp.,* 639 A.2d 626, 627–28 (Me.1994).

to the Legislature because "the law of workers' compensation is uniquely statutory." *Wentzell v. Timberlands, Inc.*, 412 A.2d 1213, 1215 (Me.1980). The Legislature itself, rather than this Court, is better equipped to determine the impact of its actions. *See American Mut. Ins. Co. v. Murray*, 420 A.2d 251, 252 (Me.1980).[2]

The entry is:

The decision of the Workers' Compensation Board in *Beaulieu v. Maine Medical Center*, WCB–95–43, is affirmed.

The decisions of the Workers' Compensation Board in *Libby v. Eastland Shoe Mfg. Co.*, WCB–95–64; *Snow v. Maine Eye Care Assocs.*, WCB–95–148; *Fearon v. Family Dental Health*, WCB–95–165; and *Lucas v. Portland Valve*, WCB–94–902, are vacated and remanded to the Workers' Compensation Board for further proceedings consistent with the opinion herein.

All concurring.

---

**2.** The average weekly wage in the *Libby* case had been established in a Commission decree prior to the filing of Libby's petition to determine average weekly wages. Eastland Shoe, however, did not raise a *res judicata* defense either before the Board or before us. *See Ervey v. Northeastern Log Homes, Inc.*, 638 A.2d 709, 711 (Me.1994).