1998 ME 48A

Duane O'NEAL

v.

CITY OF AUGUSTA and Maine Municipal Association.

Wendy HOWES

v.

AUGAT, INC. and United States Fidelity & Guaranty.

Supreme Judicial Court of Maine.

Argued Feb. 4, 1998.

Decided March 9, 1998.

Wayne W. Whitney, James J. MacAdam (orally), McTeague, Higbee, MacAdam, Case, Watson & Cohen, Topsham, for employees.

Stephen W. Moriarty (orally), Norman, Hanson & DeTroy, Portland, for City of Augusta.

Joseph M. Hochadel, Carol G. Ford (orally), Monaghan, Leahy, Hochadel & Libby, Portland, for Augat, Inc.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ and SAUFLEY, JJ.

ROBERTS, Justice.

[¶ 1] The employers in this consolidated appeal challenge decisions of the Workers' Compensation Board concluding that, for purposes of determining whether fringe benefits must be included in the average weekly wage, 39-A M.R.S.A. § 102(4)(H) (Supp. 1997), the determination whether a partially incapacitated employee's weekly benefit exceeds 2/3 the state average weekly wage at the time of the injury must be based on actual weekly benefit levels, and not a one-time calculation based on what the employee could hypothetically receive for total incapacity. We affirm.

[¶ 2] The employee in the first consolidated appeal, Duane O'Neal, suffered compensable injuries in 1992 and 1993 while employed by the City of Augusta. Wendy Howes, the employee in the second consolidated case, suffered a work-related injury on August 28, 1992, while employed for Augat, Inc. Both employees were awarded benefits for partial incapacity. In both cases, the Board determined that fringe benefits must be included in the pre-injury average weekly wage pursuant to section 102(4)(H), because to include the fringe benefits would not increase the employee's weekly partial benefits above 2/3 the state average weekly wage on the dates of their respective injuries.[1] The employers contended before the Board that fringe benefits must be excluded because the inclusion of fringe benefits would increase the employee's compensation for total incapacity above 2/3 of the state average weekly wage at the time of the injury. We granted the employers' petitions for appellate review pursuant to 39-A M.R.S.A. § 322 (Supp.1997).[2]

[¶ 3] The issue in this appeal involves the definition of "average weekly wage" in 39-A M.R.S.A. § 102(4)(H):

H. "Average weekly wages, earnings or salary" does not include any fringe or other benefits paid by the employer that continue during the disability. Any fringe or other benefit paid by the employer that does not continue during the disability must be included for purposes of determining an employee's average weekly wage to the extent that the inclusion of the fringe or other benefit will not result in a weekly benefit amount that is greater than 2/3 of the state average weekly wage at the time of injury.

The employers contend that the Legislature intended a "one-shot" determination of the average weekly wage based on the benefits that an employee would receive for total incapacity. We disagree.

[¶ 4] The plain language of section 102(4)(H) clearly supports the decisions of the Board. Section 102(4)(H) provides that fringe benefits must be included unless the employee's "weekly benefit amount" is greater than 2/3 of the state average weekly wage at the time of the injury. 39-A M.R.S.A. § 102(4)(H). The phrase "weekly benefit amount" is sufficiently broad to include both

---

1. The employee in *Howes* filed a petition for appellate review with the Law Court pursuant to 39-A M.R.S.A. § 322 (Supp.1997) from an earlier decision of the Board on the issue whether section 102(4)(H) could apply retroactively to a pre-1993 injury. We granted the petition and summarily vacated the earlier Board's decision in accordance with *Beaulieu v. Maine Med. Ctr.*, 675 A.2d 110 (Me.1996). This appeal arises from the Board's decision on remand.

2. We also granted a petition for appellate review filed by the employee in *Howes* challenging the Board's award of attorney fees. 39-A M.R.S.A. § 322. Our review of attorney fee awards by the Board is deferential. *Ayotte v. United Servs., Inc.*, 567 A.2d 430, 432-33 (Me.1989). We conclude that the Board acted within its discretion in determining the amount of the fee awarded in this case.

total or partial benefits. It means the weekly amount of benefits actually received by the employee for either partial or total incapacity. If the Legislature wanted the determination to be based on what the employee would hypothetically receive for total incapacity, it could have made that meaning clear in the statute. Because the statutory language is clear, it is unnecessary to look to the legislative history for further indicia of legislative intent.[3]

[¶ 5] The employers next contend that section 102(4)(H) must be interpreted according to "entrenched meaning" that has arisen from prior decisions of this Court. *See Tripp v. Philips Elmet Corp.*, 676 A.2d 927, 930–31 (Me.1996) ("when statutory language has acquired a consistent and entrenched meaning through prior judicial decisions, we will not abandon our traditional interpretation of that language unless there is express statutory language plainly showing a legislative intent to abrogate those prior decisions"). The employers rely on several cases interpreting the former Act, title 39, that suggest that an employee's average weekly wage must be calculated according to the wage at the time of the injury, and post-employment fluctuations in the employee's wages in his former job have no bearing on the measure of the employee's pre-injury wage. *Bragg v. Champion Int'l Corp.*, 636 A.2d 436, 437–38 (Me.1994); *Rugan v. Dole*, 429 A.2d 535, 536–37 (Me.1981). We have specifically held, however, that the Legislature is free to retroactively amend the calculation of the average weekly wage to include or exclude fringe benefits, if it desires. *Tompkins v. Wade & Searway Constr. Co.*, 612 A.2d 874, 877–78 (Me.1992) (upholding constitutionality of retroactivity of legislation providing that fringe benefits should not be

included in average weekly wage). Moreover, unlike *Rugan* and *Bragg*, the Board decisions in this appeal do not attribute to the employee a higher or lower pre-injury earning capacity than the employee was actually earning at the time of injury—it merely permits the inclusion of the already-established pre-injury fringe benefits when weekly benefits fall below the statutory threshold.

[¶ 6] The employers also rely on decisions holding that it is appropriate to look beyond the plain language when that language leads to "absurd results." *Jordan v. Sears, Roebuck & Co.*, 651 A.2d 358, 360 (Me.1994). The employers contend that the Board's interpretation would create administrative problems in cases of variable partial benefits because it would require a week-by-week determination whether weekly benefits fall above or below two thirds of the statewide average weekly wage. We disagree. First, we are not persuaded that the increased burden rises to such a magnitude as to render the plain language absurd. Second, should serious burdens arise, the Board may address them pursuant to its rule-making and supervisory authority. *See* 39–A M.R.S.A. §§ 152, 320; *Bureau v. Staffing Network, Inc.*, 678 A.2d 583, 588 n. 2 (Me. 1996). Finally, as we stated in *Beaulieu v. Maine Med. Ctr.*, 675 A.2d 110 (Me.1996), "[t]he Legislature itself, rather than this Court, is better equipped to determine the impact of its actions." *Id.* at 111.

The entry is:

Decisions of the Workers' Compensation Board affirmed.

---

**3.** We do not find the decision of the Michigan Workers' Compensation Appellate Commission, *Karczewski v. General Motors Corp.*, 1994 ACO 613, persuasive.