2004 ME 82

**Curt BROWN**

v.

**SAPPI FINE PAPER et al.**

Supreme Judicial Court of Maine.

Argued: April 14, 2004.
Decided: June 30, 2004.

Jeffrey L. Cohen, Esq. (orally), McTeague, Higbee, Case, Cohen, Whitney & Toker, P.A., Topsham, for employees.

H. Peter Del Bianco Jr., Esq. (orally), Lambert Coffin, Portland, for employer.

Panel CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.*

RUDMAN, J.

[¶ 1] Sappi Fine Paper appeals from a decision of a hearing officer of the Workers' Compensation Board (*McCurry, HO*), granting a motion for attorney fees and expenses brought by the law firm of McTeague, Higbee, Case, Cohen, Whitney & Toker, P.A. The fees were awarded in response to a consolidated motion for fees related to thirteen cases in which Sappi had previously paid attorney fees to James MacAdam pursuant to lump settlement agreements.[1] The hearing officer concluded that the McTeague firm was entitled to additional fees beyond those already paid to MacAdam for work during a period that MacAdam had been employed by the law firm.[2] Sappi contends that McTeague's

---

* Sautley, C.J., sat at oral argument but did not participate in the development of this opinion.

1. Sappi asserts it paid $264,358 to MacAdam.

2. Sappi asserts that the McTeague law firm was awarded $63,927.85

motions for fees were barred by the lump sum settlement agreements and by a settlement of a related Superior Court action between the McTeague law firm and MacAdam. Sappi also asserts that, because Hearing Officer McCurry's term of office expired prior to his decision on the motion, McCurry lacked de jure or de facto authority to issue the decision. Although we conclude that McCurry had de facto authority to act upon the motion, we conclude that he erred in awarding additional fees against Sappi for the benefit of the McTeague law firm in this case, and vacate the decision.

## I. BACKGROUND

[¶ 2] This appeal arises from a consolidated decision involving thirteen employees who settled their workers' compensation claims against their employer, Sappi, for lump sums.[3] Each of the thirteen employees retained MacAdam as counsel who, at the commencement of the litigation, was employed by the McTeague law firm. In April 2000, MacAdam withdrew from the law firm, and many of his former clients, including all those in the present appeal, continued to retain him to represent them. Shortly after MacAdam left the McTeague law firm, the thirteen employees settled their claims against Sappi for lump sums. The settlements provided for the payment of attorney fees to MacAdam for his services rendered to the employees resulting in the lump sum settlements.

[¶ 3] Meanwhile, the McTeague law firm filed a civil action in the Superior Court against MacAdam raising several claims, including conversion, breach of fiduciary responsibility and diversion of corporate opportunity, unjust enrichment, and misappropriation of trade secrets. As one of its remedies McTeague sought recovery of a portion of any prospective fee awards to MacAdam in connection with any cases on which MacAdam had worked while with McTeague.

[¶ 4] In June 2001 McTeague and MacAdam settled the Superior Court action. *McTeague, Higbee et al. v. James J. MacAdam et al.*, CV–00–249 (Me. Super Ct., Cum. Cty., June 1.2001) *(Warren.J.)*. The order approving the settlement specifies that the agreement and documents would be confidential, and that the Superior Court would "retain jurisdiction for the exclusive purpose of administering and enforcing the terms of this Order, including without limitation, jurisdiction to consider and act upon requests by any person relating to the Stipulation and Confidentiality Order."

[¶ 5] In early May 2001 McTeague sought an award of fees and disbursements in the thirteen cases that had been settled by MacAdam.[4] Hearing Officer McCurry was the hearing officer assigned to the case. His term of office expired on December 31, 2002. In January 2003 the parties received a letter from the Executive Director and the Chief Hearing Offi-

---

3. Many of the employees were originally employees of S.D. Warren Co., which was purchased by Sappi Fine Paper in 1994.

4. For reasons that are not apparent in the record, the McTeague law firm appears to have sought separate fees from the Board at some point during 2000 for one of the thirteen cases at issue in this appeal, involving the employee Lawrence Butts. In a decision dated October 20, 2000, Hearing Officer McCurry declined to award additional fees to

the McTeague law firm for that case, stating that "[t]his Board sits primarily to adjudicate controversies between employers, insurance carriers and injured workers and between employers/insurers and employee counsel on dates of injuries before January 1, 1993. The jurisdiction of the contract issue between Attorney MacAdam and his present law firm and [the McTeague law firm] lies in the Superior Court." Hearing Officer McCurry subsequently reached a different result with respect to the remaining twelve employees.

cer of the Board, notifying the parties of a potential issue concerning McCurry's authority, and giving the parties an opportunity to object within 10 days. The letter explained that in the absence of a response the Board would "assume that there is no objection" and schedule the hearing before McCurry. Sappi responded within ten days, making a general objection to Hearing Officer McCurry's authority. Notwithstanding this objection, Hearing Officer McCurry proceeded to consider the fee motions,[5] and ultimately granted them.[6]

[¶ 6] Sappi filed a motion for further findings of fact and conclusions of law, challenging the hearing officer's authority to decide the case, in light of the expiration of his term on December 31, 2002. The hearing officer adopted the employees' proposed findings of fact and conclusions of law, concluding that he retained authority to decide the motion for fees. We granted Sappi's petition for appellate review pursuant to 39-A M.R.S.A. § 322 (2001).

## II. DISCUSSION

### A. The Hearing Officer's Authority

■ [¶ 7] As a preliminary matter, Sappi contends that Hearing Officer McCurry lacked de jure or de facto authority to decide McTeague's motion for fees and costs. We disagree.

[¶ 8] In two recent opinions, we have addressed the issue of a hearing officer's de jure and de facto authority. In *D'Amato*, we held that former Hearing Officer Johnson had de facto authority to decide a case when all evidentiary hearings had been conducted prior to the expiration of her term. *D'Amato v. S.D. Warren Co.*, 2003 ME 116, ¶ 18, 832 A.2d 794, 801. In *Little v. Knowlton Machine Company*, we held that Hearing Officer McCurry did not have de facto authority to decide a case when the hearing was held after the expiration of his term and the employer had made a timely objection. 2004 ME 3, ¶¶ 10–11, 840 A.2d 97, 99.

[¶ 9] We conclude that the issue of a hearing officer's authority to decide an ancillary motion, such as a motion for fees and expenses, is more akin to *D'Amato* than *Little*. When a hearing officer's term has expired after a final decision on the merits of a case but prior to an award of fees, the attorney's work has already been performed prior to the expiration of the hearing officer's term. Even though some additional evidence may be necessary to determine a fee award in such a situation, the former hearing officer who decided the case had the best opportunity to evaluate the conduct and course of the case and is in the best position to evaluate the quality of the attorney's work and the benefit conferred upon the employee from that representation. It would make little sense to appoint a new hearing officer who is otherwise unfamiliar with the case for the limited purpose of awarding attorney fees and expenses.

[¶ 10] In the present case, the underlying settlements had been entered long before the expiration of McCurry's term. The only remaining issue was the motion concerning attorney fees, which had been pending nearly two years before the expiration of McCurry's term. The only remaining work on this motion after Decem-

---

5. In July 2001 Sappi filed a discovery request with Hearing Officer McCurry, seeking all settlement and negotiation documents and further discovery into the Superior Court settlement. The hearing officer denied the motion concluding, in part, that "[t]he employee has established that the fees sought lie within the statute regardless of the settlement between MacAdam and McTeague."

6. The hearing officer did not order additional fees in the case of Lawrence Butts, having previously ordered that McTeague would not be entitled to fees for that case.

ber 31, 2002, was a decision on Sappi's related discovery request and a decision on the motion. We conclude that Hearing Officer McCurry had de facto authority to consider the pending motions after the expiration of his term.

## B. The Fee Award

[¶ 11] For Curt Brown's date of injury—which the parties have stipulated is representative of all thirteen cases—entitlement to employer-paid attorney fees is governed by former title 39, section 110 (1989), *repealed and replaced by* P.L.1991, ch. 885, §§ A–7, A–8 (codified as 39–A M.R.S.A. § 325 (2001)). The 1989 statute authorizes the hearing officer to "assess the employer costs of a reasonable attorney's fee," in cases in which the employee "prevails in any proceeding involving a controversy under this Act." [7] 39 M.R.S.A. § 110(2). Our review of an attorney fee award is deferential:

> The legislature has placed with the [Board] the duty of determining the justification for and the reasonableness of a fee for the employee's attorney and of assessing the employer with that amount. While the statute does not give … arbitrary power, the amount to be allowed lies in the [hearing officer's] discretion and the Court should interfere only if this discretion is abused.

*Ayotte v. United Servs., Inc.*, 567 A.2d 430, 432–33 (Me.1989) (quoting *Willet v. Hascal & Hall, Inc.*, 275 A.2d 247, 248 (Me.1971));

*accord O'Neal v. City of Augusta,* 1998 ME 48A, n. 2, 706 A.2d 1042, 1043.

[¶ 12] Although our review of an award of fees is deferential, we have concluded that the former Workers' Compensation Commission Rule, Me. W.C.C. Rule 22.12, contains an appropriate list of factors to consider when determining a fee. *See Ayotte*, 567 A.2d at 433. The former rule has been carried forward by the Board in Me. W.C.C. Rule 10.2.2, requiring the hearing officer to consider: "(1) the complexity of the issues presented; (2) the novelty of the questions raised; (3) the quality of the representation; (4) the time and labor required; (5) the skills and experience of the attorney; and (6) the benefits to the employee."

[¶ 13] We see nothing in this list of factors to suggest that a hearing officer can award additional fees to be paid by an employer or its insurer based on the existence of a dispute between an attorney and the attorney's former law firm. Here, we are not dealing with two discrete representations by two different attorneys at two different times; [8] we are dealing with a single representation over one period of time and the division of the fee between the lawyer and the attorney's law firm for that work. We see nothing in the Act to suggest that a hearing officer has authority to divide a fee between a lawyer and a law firm, let alone increase the obligation of an employer to pay fees in order to compensate a law firm separately.

---

7. The current statute, 39–A M.R.S.A. § 325 (2001), does not provide for employer-paid attorney fees. Section 325 provides, however, that "[i]n cases in which the injury to the employee occurred prior to January 1, 1993, the amount of the attorney's fees is determined by the law in effect at the date of injury and is payable by the employer." 39–A M.R.S.A. § 325(5) (2001).

8. Although we have not encountered an issue involving fees for separate, consecutive attorney representations, the former Workers' Compensation Commission Appellate Division addressed and discussed the situation. *See, e.g., Ham v. Bath Iron Works Corp.*, Me. W.C.C.App. Div. 654, 655, 658–59 (1991); *McBreairty v. Wade & Searway Constr Co.*, Me. W.C.C.App. Div. 355, 356–57 (1993), *Urquhart v. Franklin Shoe Co* Me. W.C.C.App. Div. 90, 91 (1993).

[¶ 14] Once the hearing officer determines an appropriate reasonable fee for legal representation, the hearing officer has no authority to assess an additional fee against the employer in order to resolve a dispute between the attorney and his former partners. The appropriate place for such a dispute is in the District or Superior Court. The parties in the present case have apparently resolved the matter of fees in the Superior Court pursuant to a confidential settlement agreement. Any recovery of fees by the McTeague law firm from MacAdam arises out of that agreement. The hearing officer had no authority to go beyond the Superior Court settlement and order a supplemental recovery in what is essentially a contract dispute. We conclude that it was an abuse of discretion for the hearing officer in the present case to increase the amount of the fee from roughly 10% of each individual settlement to some higher percentage, based on the existence of a contractual dispute between the McTeague law firm and MacAdam.[9]

The entry is:

The decision of the hearing officer of the Workers' Compensation Board is vacated. Remanded to the Workers' Compensation Board for further proceedings consistent with the opinion herein.

9. Because we conclude that Hearing Officer McCurry had no authority to assess fees against Sappi for the benefit of the McTeague law firm, it is not necessary to address Sappi's additional contention that it was error for the hearing officer to deny discovery into the Superior Court settlement.