STATE OF MAINE                                    SUPERIOR COURT
YORK, SS.                                          Civil Action
                                                   Docket No. CV-08-014


STATE OF MAINE,

                 Plaintiff,

        v.

NICHOLAS CURRO, III,

                 Defendant,
                                          ORDER
and

TD BANK, N.A.
MAINE REVENUE SERVICE,
US INTERNAL REVENUE SERVICE,
FINANCIAL PACIFIC LEASING, LLC,
HFH GROUP, LLC, and
UNIFUND CCR PARTNERS,

                 Parties-in-interest.

This matter came before the court on March 8, 2016 for oral argument on the State of Maine's motion to enforce the final injunction and order issued on June 15, 2010. The argument focused exclusively on defendant's objections to the State's motion and his request that it be dismissed. At the conclusion of argument, counsel jointly requested additional time to discuss the matter and explore settlement. Counsel agreed to notify the clerk by May 2ⁿᵈ if they had not reached agreeement, and the court would then rule on the issues raised in the motion. The May 2ⁿᵈ deadline was later extended to May 16ᵗʰ by agreement. By letter dated May 13, 2016 and filed with the court on May 16, 2016 the State notified the clerk that the matter had not settled. The court hereby issues its decision and order on defendant's objections.

1

## I. Background

The State of Maine brought this action in 2008 against Price Rite Fuel, Inc., Veilleux Oil and Service, Inc., Perron Fuel, Inc., and Nicholas Curro, III, alleging a number of unfair trade practices arising out of heating fuel contracts sold to residential consumers. On April 2, 2009, the court (*Brennan, J.*) entered an order that found the companies had violated 10 M.R.S. § 1110, and by extension Maine's Unfair Trade Practices Act ("UTPA"), by selling heating fuel under prepaid contracts without adequate security. The court further found that Curro, in his capacity as president and chief executive officer of the companies, intentionally and knowingly violated the UTPA through his active participation and knowledge of the scheme and was therefore personally liable. Hearing on remedies was deferred to a later date.

After a June 15, 2010 hearing on remedies, the court ordered defendants to pay $393,735.27 in restitution to reimburse consumers and to pay a civil penalty of $250,000 to the State. The order further provided that the $250,000 civil penalty was suspended for up to five years and if restitution was paid in full within the five years, the penalty would be reduced to $25,000.[1] Under the judgment, the defendants were held jointly and severally liable for both the restitution and the civil penalty.

As of the date of hearing, March 8, 2016, only $7,000 restitution in total has been paid. No payments have been made since 2013.

The State filed the motion to enforce the judgment on December 24, 2015. According to the motion, the companies— Price Rite Fuel, Inc., Veilleux Oil and Service, Inc., and Perron Fuel, Inc.—are all defunct and have no income or assets. The motion therefore requests that certain property owned by Curro—real estate located at 29 Twin

---

[1] As of June 2015, the restitution had not been paid and therefore the full $250,000 penalty amount is owed.

Island Drive in Biddeford and a pontoon boat—be sold and the proceeds turned over to the State to satisfy the judgment.

Various parties-in-interest have an interest in the property. Party-in-interest Unifund CCR Partners initially objected to the motion, but later withdrew the objection.

Curro opposes the motion and seeks its dismissal on the following grounds. First, he contends this court lacks jurisdiction to enforce the June 15, 2010 order, and that the State's enforcement remedy is confined to proceedings to enforce money judgments in District Court. Further, he argues that even if this court has jurisdiction, it cannot proceed against the two assets in question because Curro's wife, Lisa Curro, was not joined as a defendant in the action.

## II. Conclusions

### A. Subject Matter Jurisdiction

Defendant contends that the exclusive forum to enforce the judgment is a disclosure proceeding in the District Court pursuant to chapter 502 of Title 14. *See* 14 M.R.S. § 3121-A (providing "any proceeding under this chapter must be commenced in a division of the District Court"); *see generally* 14 M.R.S. §§ 3120-3138 (governing enforcement of money judgments). In addition, defendant contends that Chapter 502-A of Title 14, governing enforcement of fines and penalties relied upon by the State, is inapplicable because the State seeks to collect restitution, not fines. *See* 14 M.R.S. § 3141.

Defendant's arguments lack merit; this court has jurisdiction to enforce its June 15, 2010 order. The June 15ᵗʰ order itself provides that this court "shall retain jurisdiction of this matter for all purposes." Final Injunction and Order, dated June 15, 2010 at 4. This provision expressly reserves to this court the authority to oversee the implementation of the June 15, 2010 order, and that reservation is consistent with the court's jurisdiction and inherent power to enforce its own orders. *See Brown v. Sappi*

3

*Fine Paper*, 2004 ME 82, ¶¶ 4, 14, 853 A.2d 779 (appropriate place to resolve fee issue was Superior Court where the court had entered an order retaining jurindiction for the purposes of administering and enforcing an order); *see also Homeward Residential, Inc. v. Gregor*, 2015 ME 108, ¶ 17, 122 A.3d 947 ("The word 'jurisdiction' most properly encapsulates only 'prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority.'") (citation omitted) (quotation marks omitted).

Curro's reliance on 14 M.R.S. § 3121-A as conferring exclusive and preemptive jurisdiction in the District Court to enforce this order is misplaced. Section 3121-A governs venue. It prescribes the appropriate division for commencing a chapter 52 District Court proceeding depending upon, for example, whether the debtor is an individual or business or where the debtor or creditor resides. Section 3121-A does not, by its own terms, deprive this court of authority to enforce its own order. This conclusion is reinforced by section 3120, which enunciates the overall purpose of chapter 52: "The purpose of this chapter is to provide an efficient procedure for the enforcement of money judgments. *It is not an exclusive procedure* and may be utilized with any other available procedure." 14 M.R.S. § 3120 (emphasis added).

Curro's argument that chapter 502-A of Title 14, and specifically section 3141(1), does not apply in this case also misses the mark. Chapter 502-A applies to "Enforcement of Fines Owed to the State." Section 3141(1), by its terms, applies to enforcement of fines owed to the State and extends broadly "to all monetary fines, surcharges and assessments, *however designated*, imposed by a court . . . [i]n a civil violation or traffic infraction proceeding." 14 M.R.S. § 3141(1)(A) (emphasis added). "Fine" is defined to mean "any other costs or other fees the court assesses or imposes

4

against a defendant *in any civil or criminal adjudication, including . . . restitution."* 14 M.R.S. § 3141 (emphasis added).

It is true, defendant has not yet paid the restitution and, therefore, under the terms of the judgment, any payment he makes would first go to satisfy the restitution owed to consumers before going to pay his civil penalty.[2] This does not, however, deprive the court of jurisdiction nor the State of the power to invoke 14 M.R.S. § 3141 with regard to both the restitution and the fine. The $250,000 civil penalty was properly levied and sustained on appeal. Regardless of how payments would be applied (i.e., to restitution first), the civil penalty is presently due and owing under the terms of the order.

The court has jurisdiction and authority under the statute as well as the terms of its own judgment to enforce payment of both the restitution and the civil penalty.

### B. Available Remedy in Enforcement Proceeding

Defendant contends that the State cannot proceed against the real estate or boat because his wife, Lisa Curro, who has a legal interest in both properties, was not joined as a party defendant in this case prior to judgment, and therefore she is not subject to the jurisdiction of this court or liable under the terms of the judgment. Defendant contends Lisa should have been joined in this proceeding prior to the entry of judgment in order for her to have the opportunity to respond to claims affecting her interests.

Section 3141 of Title 14 governs enforcement of fines owed to the State, and provides as follows:

> Failure to pay by the date fixed by the court's order or an amended order subjects the defendant to the contempt procedures provided in section

---

[2] At oral argument, the State represented that the judgment was structured in this manner due to bankruptcy concerns. Whether the sums owed by defendant would be subject to discharge in a bankruptcy proceeding is beyond the scope of the motion before the court.

3142, suspensions under Title 29-A, section 2605, and all procedures for collections provided for in sections 3127-A, 3127-B, 3131, 3132, 3134, 3135 and 3136. . . . In addition to other penalties provided by law, the court may impose on the defendant reasonable costs for any failure to appear.

14 M.R.S. § 3141(7). Here, the State seeks a turnover order and sale with regard to property, and this remedy is expressly authorized by 14 M.R.S. § 3131[3] and referenced as an available remedy in connection with section 3141 enforcement proceedings. *Id.*; *see also* Horton & McGehee, *Maine Civil Remedies* § 25-3(g)(1) at 471 (4th ed. 2004) ("A turnover order constitutes a lien against the property within the order and any proceeds thereof resulting from the debtor's disposition of the property at any time after the order.")

Resort to this remedy is not precluded by the fact that Curro's wife, Lisa, may have an interest in the real estate or personal property in issue and was not a named defendant in the litigation. Lisa was not a proper party defendant in the underlying case because the action concerned defendant and his businesses. The prospect of the State pursuing the defendant's assets for failure to pay did not ripen until he ceased payment several years later and the State was required to seek to enforce the court's order. The argument advanced by the defendant stands for the untenable proposition

---

[3] Section 3131 provides:

Upon the request of the judgment creditor, the court shall order the sale by the judgment creditor of property owned by the judgment debtor in full or partial satisfaction of the amount owed on the judgment, interest and costs, including the costs of sale, in the following situations: A. When it is determined that the value of wholly nonexempt property is greater than the amount owed on the judgment, interest and costs and the judgment creditor and judgment debtor cannot agree as to which items of property shall be applied to the satisfaction of the judgment; B. When wholly nonexempt property is not available to fully satisfy the judgment and it is determined that the value of partially exempt property is greater than the exemption available for that item and the property cannot practically be divided into its exempt and nonexempt portions; or C. When the judgment debtor's property is not subject to physical division or it is otherwise impractical to provide for satisfaction of the judgment in kind.

6

that all parties sharing an interest in a defendant's property must be joined in any action that could result in monetary liability before a court can properly enter a judgment.

Because it is now asserted that she has an interest in the subject properties, Lisa is now an interested party in the enforcement action, and as such is entitled to notice. 14 M.R.S. § 3131(3) ("The judgment creditor shall give notice of any turnover order or sale to any person who has a security interest, mortgage, lien, encumbrance or other interest in the property when the interest is recorded, possessory or of which the judgment creditor has actual knowledge.") The State has represented in its filings that it has served her with notice.

The State concedes that Lisa Curro's one-half interest in the real estate is not subject to the judgment. *Szelenyi v. Miller*, 564 A.2d 768, 770 (Me. 1989) ("As a general rule the entire interest in real property held by joint tenants cannot be used to satisfy the judgment creditor of one joint tenant. . . . A lien created by a judgment attaches only to the interest of the debtor joint tenant."). Her interest in the real estate or personal property, however, does not prevent the State from reaching the defendant's interest in the property to satisfy the judgment. *See* 5 Richard R. Powell, Powell on Real Property § 38.05[2] ("Generally, realty held in a co-tenancy or joint tenancy is reached by a judgment lien.") The practical effect with respect to the real estate is that the joint tenancy may be severed and Lisa will be entitled to her share of proceeds from a sale as if there were a partition. *See Szelenyi*, 564 A.2d at 770; *see also* 7 Richard R. Powell, Powell on Real Property §§ 51.04[1][c], 51.04[2] (taking a joint tenant's interest by partition to satisfy a debt severs the joint tenancy).

At this juncture the court lacks a sufficient record from which to enter any specific order as to the real estate or personal property. An evidentiary hearing will be required. The nature and extent of the defendant and his wife's interest in these

properties, and the extent to which the State may proceed against defendant's interest therein, will be addressed at the hearing.

### III. Order

For the foregoing reasons, it is hereby ordered as follows:

1. Defendant's request to dismiss the State's 12/24/2015 motion is DENIED.

2. The clerk shall (i) set this matter the State's motion for an evidentiary hearing; and (ii) schedule a telephonic pre-trial conference with counsel to determine the date for, scope of and other details pertaining to said hearing.

The clerk may incorporate this order upon the docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

**SO ORDERED.**

DATE: June 3, 2016

Wayne R. Douglas
Justice, Maine Superior Court

8