2003 ME 116

**Alan D'AMATO**

v.

**S.D. WARREN COMPANY.**

Supreme Judicial Court of Maine.

Argued: June 11, 2003.
Decided: Sept. 19, 2003.

---

Mark V. Franco, Esq. (orally), Thompson & Bowie, LLP, Portland, for employee.

Thomas E. Getchell, Esq. (orally), Troubh, Heisler & Piampiano, P.A., H. Peter Del Bianco, Esq., Lambert Coffin, Portland, for employer.

Jonathan S.R. Beal, Esq. (orally), Portland, for John McCurry.

William L. Vickerson, Esq. (orally), Levenson, Vickerson & Beneman, Portland, for Heidi Johnson.

Jonathan G. Mermin, Esq., Preti Flaherty Beliveau Pachios & Haley, LLC, Portland, for Maine Council of Self–Insurers and Maine State Chamber of Commerce.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

LEVY, J.

[¶ 1] S.D. Warren Co. appeals from a decision of a hearing officer of the Workers' Compensation Board *(Johnson, HO )* granting Alan D'Amato's petitions for award and restoration of workers' compensation benefits. The appeal challenges the authority of the hearing officer to issue a decision in January 2003 following hearings held in September and November 2002. We affirm the decision concluding that although the hearing officer's appointment by the Workers' Compensation Board expired on December 31, 2002, she retained de facto authority to issue her decision in January 2003.

## I. BACKGROUND

[¶ 2] The sole question presented by this appeal is whether the hearing officer had the authority to issue a decision in this proceeding in January 2003. We consider first the procedural history of D'Amato's workers' compensation petitions and, second, the background and history related to the hearing officer's appointment by the Workers' Compensation Board.

### A. D'Amato's Workers Compensation Petitions

[¶ 3] Alan D'Amato filed petitions for award and restoration in March 2002, seeking workers' compensation benefits for dates of injury in 1996, 1999, and 2001, while employed by S.D. Warren. A hearing was held before the hearing officer on D'Amato's petitions beginning in September 2002, and the evidence closed on November 7, 2002.

[¶ 4] Hearing Officer Johnson issued a decision granting D'Amato's petitions on January 10, 2003. She subsequently denied S.D. Warren's motion for further findings of fact and conclusions of law. In response to S.D. Warren's request and pursuant to 39–A M.R.S.A. § 320 (2001), she requested full Board review regarding her authority to issue a decision following December 31, 2002. The Board declined to review the decision. We subsequently granted S.D. Warren's petition for review and motion for expedited hearing pursuant to 39–A M.R.S.A. § 322 (2001).

### B. The Hearing Officer's Appointment by the Workers' Compensation Board

[¶ 5] The eight-member Workers' Compensation Board was created in 1993 for the purpose of administering the Workers' Compensation Act, and consists of four members representing labor and four members representing management. *See* 39–A M.R.S.A. §§ 151(1), 151–A (2001). The Act requires the Board to "obtain the services of persons qualified by background and training to serve as hearing officers." 39–A M.R.S.A. § 152(5) (2001). Section 152(5) provides, in pertinent part:

In the exercise of its discretion, the board may obtain the services of hearing officers and mediators by either of the 2 following methods:

A. The board may contract for the services of hearing officers and mediators, in which case they must be paid reasonable per diem fees for their services plus reimbursement of their actual, necessary and reasonable expenses incurred in the performance of their duties, consistent with policies established by the board; or

B. The board may employ hearing officers and mediators to serve at the pleasure of the board and who are not subject to the Civil Service Law. They are entitled to receive reimbursement of their actual, necessary and reasonable expenses incurred in the performance of their duties, consistent with policies established by the board.

39–A M.R.S.A. § 152(5).

[¶ 6] The Board exercised the discretion afforded by section 152(5)(B) in 1994 by deciding to employ ten hearing officers to be selected from lists provided by representatives of labor and management. Each hearing officer's stated term would, as voted by the Board, "expire unless [the hearing officer] is re-appointed by WCB vote consistent with 39–A M.R.S.A § 151(5) (2001)."[1] Johnson, the hearing officer in the present appeal, was appointed for a three-year term beginning in January 1994. She was reappointed for a second three-year term in 1997, ending on December 31, 1999, and reappointed again for a third three-year term in 1999, to end "no later than" December 31, 2002.

[¶ 7] On November 26, 2002, the Board considered the reappointment of five hearing officers, including Johnson. The minutes provide:

Directors discussed acting on the reappointments individually, as opposed to voicing a motion on all of the reappointments (it was noted the Board may want to act on the reappointments individually in order to consider the job performance of each of the individuals) and the possibility of the five hearing officers' terms expiring on 12–31–02 if the motion does not receive a majority vote of the Board.

A motion to vote to consider the hearing officers' reappointments separately failed, however, and a motion proposing the reappointment of all five hearing officers also failed. The Board reconvened on December 3, 2002, and it considered the reappointment of each hearing officer separately. The motion to reappoint Hearing Officer Johnson failed by a deadlocked vote of 4–4.

[¶ 8] The Board reconvened on December 17, 2002, and discussed the reappoint-

---

1. Section 151(5) provides:

**Voting requirements.** The board may take action only by majority vote of its membership. Decisions regarding the employment of an executive director and the appointment and retention of hearing officers require the affirmative votes of at least 2 board members representing management and at least 2 board members representing labor.

39–A M.R.S.A. § 151(5) (2001).

ment issue for a third time. The minutes reflect the following discussion:

> Directors and Staff discussed the Board being unable to remove a hearing officer by any other means than a super majority of its membership; the Board's prior development of corrective action plans for hearing officers; the statutory language with respect to hiring and/or contracting with hearing officers who serve at the pleasure of the Board; the lack of "term" language in the statute; the removal and/or retention of hearing officers requiring a super majority vote of the Board, and the statute being unclear as to the Board's authority with respect to the appointment and reappointment of hearing officers without a super majority vote of its membership.

[¶ 9] The parties have stipulated that "[i]n early January 2003 the Board's executive director instructed ... Johnson that ... [she] would be permitted to decide pending cases in which the evidence had closed by December 31, 2002." Pursuant to that instruction, Hearing Officer Johnson issued the January 10, 2003, decision that is the subject of this appeal.

## II. DISCUSSION

[¶ 10] This appeal presents the following issues: First, whether jurisdiction for the appeal lies with us sitting as the Law Court or the Superior Court. Second, whether the Board exceeded the bounds of its discretion pursuant to section 152(5)(B) by establishing a fixed term expiring on December 31, 2002, for Hearing Officer Johnson's appointment. Third, whether Hearing Officer Johnson can only be removed from office by a majority vote of the Board that satisfies the requirements of section 151(5). Finally, if the Board did not exceed the bounds of its discretion pursuant to section 152(5)(B) in establishing a fixed term for Hearing Officer John-

son's appointment and her appointment expired on December 31, 2002, whether her decision of January 10, 2003, is nonetheless effective in accordance with the "de facto officer" doctrine.

### A. Jurisdiction

[¶ 11] D'Amato contends that jurisdiction over this appeal lies in the Superior Court because the proper avenue for appeal of the question of Hearing Officer Johnson's authority is not pursuant to the Workers' Compensation Act, 39–A M.R.S.A. § 322, but rather the Maine Administrative Procedures Act, 5 M.R.S.A. § 11001(1) (2002) ("Maine A.P.A."). Section 322 of the Workers' Compensation Act provides that a party may commence a petition for appellate review by presenting "a copy of the decision *of a hearing officer* or a decision of the board, if the board has reviewed a decision pursuant to section 320, to the clerk of the Law Court." 39–A M.R.S.A. § 322(1) (emphasis added). The Maine A.P.A. provides for appellate review of final agency action by the Superior Court, "[e]xcept where a statute provides for direct review or review of a pro forma judicial decree by the Supreme Judicial Court." 5 M.R.S.A. § 11001(1).

[¶ 12] The plain language of section 322 establishes that appeals from decisions of a hearing officer are authorized and governed by that section. *See Guar. Fund Mgmt. Servs. v. Workers' Comp. Bd.*, 678 A.2d 578, 581–82 (Me.1996) (both current section 322 and former section 103–C expressly provide for appellate review by the Law Court from decisions of individual hearing officers or commissioners in adjudicatory-type proceedings). The only exception in the Workers' Compensation Act to section 322 is set forth in 39–A M.R.S.A. § 360(4) (2001), which expressly authorizes review in the Superior Court for certain penalty actions against employers and in-

surers, and is inapplicable to this proceeding. Accordingly, decisions of workers' compensation hearing officers are not subject to appellate review pursuant to the Maine A.P.A. because the Workers' Compensation Act expressly provides for appellate review in the Law Court.

[¶ 13] D'Amato also suggests that S.D. Warren is not challenging a decision of a hearing officer, but rather "the failure of the Board to render a decision with regard to Hearing Officer Johnson's authority to act," and therefore, S.D. Warren must seek appellate review pursuant to the A.P.A. *See Hanover Ins. Co. v. Workers' Comp. Bd.,* 1997 ME 104, ¶ 11, 695 A.2d 556, 558 (appeals from assessment determinations by full Board must be made pursuant to the A.P.A.). We disagree. S.D. Warren is not challenging any act, or failure to act, of the full Board, nor does it seek any further action from the Board. Instead, S.D. Warren contends that the Board properly exercised its authority in limiting Hearing Officer Johnson to a term of years, and because the Board failed to reappoint her for a new term, her authority expired on December 31, 2002. Because S.D. Warren is challenging the authority of a specific hearing officer to issue a decision in a single adjudicatory proceeding, we conclude that S.D. Warren properly brings its appeal pursuant to section 322.[2]

2. D'Amato also contends that the record is inadequate to afford meaningful appellate review. We disagree. First, D'Amato suggests that it was improper for the employer to "supplement" the record with minutes of the Board meetings. Board meetings are a matter of public record and we properly take judicial notice of the minutes without supplementing the record. D'Amato contends further that, in order to properly review the issues, the Court is required to consider evidence concerning the "method by which cases are assigned to [hearing officers] and the compensation paid to hearing officers," or

B. The Workers' Compensation Board's Exercise of Discretion Pursuant to Title 39–A, Section 152(5)(B)

[¶ 14] Having determined that this appeal is properly before us, we turn to the question of the authority of the Board to limit Hearing Officer Johnson's appointment to a fixed term. Hearing officers are not subject to Civil Service Laws and are employed pursuant to 39–A M.R.S.A. § 152(5)(B). Subsection (5)(B) provides that hearing officers "serve at the pleasure of the board." *Id.* D'Amato contends that the phrase "at the pleasure of" is a term of art in administrative law parlance, which should be understood to prevent the Board from fixing a hearing officer to a term of years. As D'Amato contends, at least two courts have held that when an administrative officer is entitled by statute to serve "at the pleasure of" the appointing agency, the appointing agency cannot then limit the officer to a fixed term of years and any effort to do so is void. *See, e.g., Dumke v. Anderson,* 44 Ill.App.3d 626, 3 Ill.Dec. 177, 358 N.E.2d 344, 349 (1976); *Cabarle v. Township of Pemberton,* 167 N.J.Super. 129, 400 A.2d 548, 550–51 (Law Div.1979), *aff'd,* 171 N.J.Super. 586, 410 A.2d 281 (App.Div.1980); *see also* 63C AM. JUR. 2D, *Public Officers and Employees* § 147 (1997).

[¶ 15] We are not persuaded, however, that a grant of authority to hire an em-

"any steps taken by the … Board to replace Hearing Officer Johnson, and whether any replacement has been hired by the Board." D'Amato fails to establish, however, how these factual questions are relevant to the issue in this appeal. The parties stipulate that the Board failed to reappoint Johnson for a new term and that the Executive Director has authorized Johnson to continue working on cases that were pending at the time that the reappointment motion failed. This record is sufficient to address the narrow legal issue presented.

ployee to serve "at the pleasure of" an administrative agency functions to restrict the agency's discretion. To the contrary, we have treated the term "at the pleasure of" as "embodying the concept of unfettered discretion." *Washburn v. State*, 432 A.2d 1237, 1239 (Me.1981). Here, the Board clearly expressed its "pleasure" when it appointed Hearing Officer Johnson and established that her term should expire no later than December 31, 2002. Having been granted broad discretion by the Legislature in this area, the Board does not abuse that discretion by limiting a hearing officer's authority to a term of years if it is the Board's duly expressed "pleasure" to do so.

C. The Workers' Compensation Board's Compliance with the Voting Requirements of Title 39–A, Section 151(5)

■ [¶ 16] D'Amato next contends that Hearing Officer Johnson retains her authority because she has not been properly removed from office. The voting requirements associated with the Board's authority to appoint and retain hearing officers are set forth in section 151(5). It provides: "The board may take action only by majority vote of its membership. Decisions regarding the employment of an executive director and *the appointment and retention of hearing officers* require the affirmative votes of at least 2 board members representing management and at least 2 board members representing labor." 39–A M.R.S.A. § 151(5) (emphasis added).

■ [¶ 17] We agree with D'Amato that the term "retention" includes both the decision to retain and the decision not to retain a hearing officer and, therefore, pursuant to section 151(5), a hearing officer can only be removed by a majority vote of the Board members that includes "the affirmative votes of at least 2 board

members representing management and at least 2 board members representing labor." *Id.* The Board properly appointed Hearing Officer Johnson by the required vote. At the same time that the Board appointed Johnson, it also voted to limit her tenure to a term ending no later than December 31, 2002. Both the decision to appoint Hearing Officer Johnson and the decision to limit her term received the required majority approval, including the approval of at least two representatives of labor and two representatives of management. Thus, a second vote to remove Johnson on the termination date of her original term is unnecessary.

[¶ 18] In view of the broad discretion invested in the Board with respect to the retention of hearing officers, there is no reason to construe section 151(5) narrowly so as to prohibit the Board from voting to appoint a hearing officer and, at the same time, to limit her to a defined term. Accordingly, when Hearing Officer Johnson's term expired on December 31, 2002, her authority to act as a hearing officer ended, at least for purposes of hearing and deciding new cases.

D. The Hearing Officer's Exercise of De Facto Authority After December 31, 2002

■ [¶ 19] Our conclusion that Hearing Officer Johnson's term in office expired on December 31 does not end our analysis. In accordance with the de facto officer doctrine, although an administrative officer may cease to be an "officer de jure," or an officer who is legally entitled to hold office, an officer may still be a "de facto officer" for purposes of deciding individual cases. The doctrine is well established in Maine, *see, e.g., Harold D. Smith & Sons, Inc. v. Fin. Auth. of Me.*, 543 A.2d

814, 818–19 (Me.1988),[3] and elsewhere.[4] It recognizes that administrative officers may be classified in three ways: (1) de jure officers, or officers who are legally entitled to hold office; (2) de facto officers, or officers not legally entitled to office, but whose decisions are binding on the public and third parties; and (3) other officers, such as "usurpers," whose decisions are not binding. *See generally Grooms v. La-Vale Zoning Bd.*, 27 Md.App. 266, 340 A.2d 385, 390 (1975).[5]

[¶ 20] The de facto officer doctrine is firmly rooted in public policy. The doctrine "confers validity upon acts performed by a person acting under the color of official title even though it is later discovered that the legality of that person's appointment or election to office is deficient." *Ryder v. United States*, 515 U.S. 177, 180, 115 S.Ct. 2031, 132 L.Ed.2d 136 (1995). As we have previously stated, the doctrine

was engrafted upon the law, as a matter of policy and necessity, to protect the interests of the public and individuals, where those interests were involved in the official acts of persons exercising the duty of an office without being lawful officers. It would be unreasonable to require the public to inquire into the title of an officer, or compel him to show title, and these have become settled principles in law. To protect those who deal with officers apparently holding office under color of law, in such manner as to warrant the public in assuming that they are officers and in dealing with them as such, the law validates their acts as to the public and third persons, on the ground that as to them although not officers de jure they are officers in fact whose acts public policy requires to be construed as valid.

*State v. Poulin*, 105 Me. 224, 229–30, 74 A. 119, 121 (1909). To determine whether an official has de facto authority, courts consider a variety of factors centering on whether: (1) the official is acting under color of authority conferred by the officer or agency charged with the appointment of

**3.** *See also Tremblay v. Murphy*, 111 Me. 38, 58, 88 A. 55, 64 (1913); *State v. Poulin*, 105 Me. 224, 229–30, 74 A. 119, 121 (1909); *cf. Cohen v. Ketchum*, 344 A.2d 387, 395 (Me. 1975). Please note that *Tremblay v. Murphy* is incorrectly labeled in the Atlantic Reporter as *Pelletier v. O'Connell*.

**4.** *See, e.g., McDowell v. United States*, 159 U.S. 596, 601–02, 16 S.Ct. 111, 40 L.Ed. 271 (1895); *Ball v. United States*, 140 U.S. 118, 128–29, 11 S.Ct. 761, 35 L.Ed. 377 (1891); *Furtney v. Simsbury Zoning Comm'n*, 159 Conn. 585, 271 A.2d 319, 324 (1970); *State ex rel. Purola v. Cable*, 48 Ohio St.2d 239, 358 N.E.2d 537, 539–40 (1976); *State v. Miller*, 222 Kan. 405, 565 P.2d 228, 234–35 (1977); *Grooms v. LaVale Zoning Bd.*, 27 Md.App. 266, 340 A.2d 385, 390 (1975); *Ridout v. State*, 161 Tenn. 248, 30 S.W.2d 255, 257–58 (1930).

**5.** Neither party raised or discussed the de facto officer doctrine, which we conclude is controlling in this appeal. Ordinarily, we do not decide cases on the basis of legal theories not propounded by the parties. *See, e.g., Martin v. Scott Paper Co.*, 434 A.2d 514, 518 (Me.1981) (legal conclusion assumed to be correct when not challenged by the parties). In this case, the issue of Hearing Officer Johnson's authority was clearly raised by the parties. Moreover, because the de facto officer doctrine is an issue touching upon the jurisdiction of the Board, we conclude that it is appropriate to raise the issue sua sponte to determine the question of the hearing officer's authority. *See State v. Roark*, 705 P.2d 1274, 1277 (Alaska Ct.App.1985) (de facto officer issue can be raised for the first time on appeal); *Waltz v. Boston & Rockland Transp. Co.*, 161 Me. 359, 368 212 A.2d 431, 435 (Me.1965) (question of workers' compensation commissioner's authority is jurisdictional and can be raised for the first time on appeal).

such officials,[6] and (2) a new de jure officer was appointed to replace the de facto officer prior to the action that is challenged.[7]

[¶ 21] The decision in this case was made under color of authority of the Board because Hearing Officer Johnson was a longstanding and properly appointed official who was legally qualified to serve as a hearing officer when the petitions were filed and hearings were held in 2002. Thereafter, as stipulated by the parties, Hearing Officer Johnson was authorized to decide pending cases by the Executive Director of the Workers' Compensation Board for the purpose of completing cases heard prior to January 1, 2003. In addition, as reflected in the minutes of the Board, Hearing Officer Johnson's status on and after January 1, 2003, was uncertain, and her position was not filled by a new de jure officer prior to the issuance of the January 10 decision.

[¶ 22] Hearing Officer Johnson's decision in this proceeding was made in execution of the duties of the office to which she had previously been duly appointed, and under circumstances where it was reasonable for the parties to presume that she was authorized to act. S.D. Warren points to no actual prejudice resulting from Hearing Officer Johnson's determination of D'Amato's claim, and has not suggested that the outcome of the proceeding would have been any different had another hearing officer been assigned to the case. We conclude that although Hearing Officer Johnson's de jure authority as a hearing officer ended on December 31, 2002, she was a de facto officer with respect to the present proceeding and her decision of January 10, 2003, is binding on the parties.

The entry is:

Decision of the hearing officer affirmed.

---

6. *See Apice v. American Woolen Co.*, 74 R.I. 425, 60 A.2d 865, 870 (1948).

7. *See Langford v. State Bd. of Fisheries*, 217 S.C. 118, 60 S.E.2d 59, 64 (S.C.1950). In addition, consideration is given to whether any constitutional rights are affected by the de facto officer's action. *See Glidden Co. v. Zdanok*, 370 U.S. 530, 535–36, 82 S.Ct. 1459, 8 L.Ed.2d 671 (1962) (de facto doctrine inapplicable when "nonfrivolous constitutional grounds," such as separation of powers, are implicated). However, there is no suggestion here that any constitutional rights were affected when Johnson continued to act as a hearing officer in this case past December 31, 2002.