2004 ME 3

Donald W. LITTLE

v.

KNOWLTON MACHINE
COMPANY et al.

Supreme Judicial Court of Maine.

Argued: Dec. 9, 2003.

Decided: Jan. 6, 2004.

James J. MacAdam, Esq. (orally), Anna Priluck, Esq., MacAdam Law Offices, P.A., Portland, for employee.

Darby C. Urey, Esq. (orally), Robinson Kriger & McCallum, Portland, for employer.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

CALKINS, J.

[¶ 1] The employer, Knowlton Machine Company, appeals from a decision of a hearing officer of the Workers' Compensation Board (*McCurry, HO*), granting the employee's petition for award and ordering the employer to pay continuing total incapacity benefits pursuant to a Board rule, for the employer's failure to file a notice of controversy within fourteen days of receiving notice of the claim. Knowlton contends that the hearing officer lacked authority to decide the case because his term expired prior to the date of hearing. We agree that Hearing Officer McCurry lacked both de jure and de facto authority to act as a hearing officer, and we vacate the decision.

I.  BACKGROUND

[¶ 2] Donald W. Little suffered a work-related injury to his neck and upper back in 1998 while working as an employee of Knowlton Machine Company. In April 1999, Little allegedly aggravated his neck injury in a nonwork-related incident. Little was terminated from his employment in May 1999 for excessive absences. He re-

turned to work in October 1999 and was fired a second time in January 2000.

[¶ 3] Little filed his first petition for award in August 2000. Knowlton filed a notice of controversy in September 2000. After mediation, Little apparently failed to pursue his claim, and the petition was dismissed without prejudice. Little filed a second petition for award in August 2002. Knowlton filed an answer in November 2002, but did not file a second notice of controversy.

[¶ 4] The hearing on Little's second petition was scheduled for February 2003. On January 8, 2003, the parties were sent a letter from the Executive Director of the Workers' Compensation Board, advising them that there was "uncertainty" regarding the reappointment of Hearing Officers Johnson and McCurry.[1] Hearing Officer McCurry had not been reappointed for another term beginning January 1, 2003. *See D'Amato v. S.D. Warren Co.,* 2003 ME 116, ¶¶ 7–8, 832 A.2d 794, 798–99 (discussing the situation of Hearing Officer Johnson who was not reappointed). The letter advised the parties that, if they objected to either hearing officer, the case would be given to another hearing officer, but that "[t]his option will likely take considerably longer." The letter stated that if the parties did not object within ten days, the case would be heard by Hearing Officer Johnson or McCurry.

[¶ 5] Neither party objected within ten days, but Knowlton objected in a letter sent nearly a month after the letter from the Board's executive director and followed up with a second written objection several days later. The objection was "overruled," by the Chief Hearing Officer in an order suggesting that the parties could utilize 39–A M.R.S.A. § 314 (2001) to address issues. Section 314 pertains to voluntary arbitration, but the parties did not agree to regard McCurry as an arbitrator pursuant to section 314. McCurry presided at the hearing held on February 21, 2003, and Knowlton again objected to McCurry as the hearing officer.

[¶ 6] McCurry granted the employee's petition for award in a decision and a corrected opinion issued in June. The opinion concluded, in part, that Little had suffered a compensable work injury and that Knowlton had violated the Board's "fourteen-day" rule, Me. W.C.B. Rules 1.1, 1.2, by failing to file a notice of controversy in response to the second petition for award. McCurry awarded total benefits from the date of the employee's termination from employment in January 2000 and continuing until a notice of controversy is filed and accrued benefits are contemporaneously paid. We granted Knowlton's petition for appellate review pursuant to 39–A M.R.S.A. § 322 (2001).

## II. DISCUSSION

[¶ 7] Although Knowlton raises several issues, the controlling issue is McCurry's authority to act as a hearing officer. Because we conclude that McCurry lacked both de jure and de facto authority to preside in this matter and that his decision is a nullity, we do not address the remaining issues raised by Knowlton.[2]

---

1. Although we held in *D'Amato v. S.D. Warren Co.,* 2003 ME 116, ¶ 18, 832 A.2d 794, 801, that the Board's failure to reappoint Hearing Officer Johnson deprived her of de jure authority after December 31, 2002, the *D'Amato* opinion was not issued until September 19, 2003.

2. In addition to challenging McCurry's authority, Knowlton challenges the Board's "fourteen-day" rule and its application in this case, and the decision with regard to incapacity and the statute of limitations.

[¶ 8] Regarding McCurry's authority to act as a hearing officer, we resolved a similar issue in *D'Amato,* 2003 ME 116, 832 A.2d 794. There, Hearing Officer Heidi Johnson's term expired on December 31, 2002, *id.* ¶ 18, 832 A.2d at 801, as did McCurry's term. The Workers' Compensation Board failed to reappoint Johnson, *id.* ¶¶ 7–8, 832 A.2d at 798–99, and the same fate occurred to McCurry. We held in *D'Amato* that the appointment of Johnson to a fixed term of office meant that her appointment ended on the fixed date of termination and that no further action was required of the Board to remove her from office. *Id.* ¶ 18, 832 A.2d at 801. Similarly, McCurry's appointment was for a fixed term that ended on December 31, 2002, and no further Board action was required to remove him from office.

[¶ 9] In *D'Amato,* we held that Johnson had de facto authority after December 31, 2002, to complete cases that were pending before that date. *Id.* ¶ 22, 832 A.2d at 803. D'Amato's hearing had been held before Johnson in September 2002, prior to the expiration of her term of office, and the evidence closed in November. *Id.* ¶ 3, 832 A.2d at 797. Johnson issued the decision January 10, 2003. *Id.* ¶ 4, 832 A.2d at 797. The parties had also stipulated that the Board's executive director authorized Johnson to complete pending cases. *Id.* ¶ 9, 832 A.2d at 799. In contrast to the circumstances in *D'Amato,* the situation in this case is quite different. Little's hearing did not take place until *after* the expiration of McCurry's term of office, and the decision was not issued until June. Furthermore, unlike *D'Amato,* here the Board expressed uncertainty as to McCurry's authority.

[¶ 10] In *D'Amato,* we discussed factors that courts consider to determine whether an officer has de facto authority. *Id.* ¶ 20, 832 A.2d at 802–03. One is whether the official is acting under color of authority conferred by the agency. *Id.* The Board's executive director acknowledged uncertainty as to McCurry's status in the letter asking the parties if they objected to McCurry presiding at the hearing. We interpret that letter as asking the parties if they were willing to waive any objection to McCurry's lack of authority. If Knowlton had waived any objection to McCurry's status, the situation might be different, but Knowlton objected on several occasions prior to, and during, the hearing.

[¶ 11] The Board's uncertainty of McCurry's status is also demonstrated in the order overruling Knowlton's objection and suggesting that "[t]he parties may invoke § 314 to address issues." Section 314 allows the appointment of an arbitrator with the mutual written agreement of both parties.[3] If the Board had given McCurry full authority to act as a hearing officer for the hearing in Little's case, it would not have referred to the uncertainty of his status, nor would it have been necessary to suggest section 314 to the parties.

[¶ 12] In *D'Amato,* 2003 ME 116, ¶ 18, 832 A.2d at 801, we held that the term of Hearing Officer Johnson ended on December 31, 2002. There is no dispute that McCurry's reappointment situation was identical to Johnson's. They both ceased to be de jure officers after December 31, 2002. Although Johnson had de facto authority to issue the decision in *D'Amato,* the situation in this case is significantly different. We conclude that McCurry did not have de facto authority to conduct the hearing in this case.

**3.** Section 314, in part, provides: "Any case for which an application for a hearing has been filed may be heard by an arbitrator mutually agreed upon in writing by the parties." 39–A M.R.S.A. § 314.

The entry is:

Decision of the hearing officer is vacated and remanded to the Workers' Compensation Board for further proceedings consistent with the opinion herein.