MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2022 ME 11
Docket:       Cum-21-136
Argued:       December 9, 2021
Decided:      February 3, 2022

Panel:        STANFILL, C.J., and MEAD, GORMAN, JABAR, HUMPHREY, HORTON, and CONNORS, JJ.

## STATE OF MAINE

v.

## CHRISTOPHER SHEPARD

CONNORS, J.

[¶1]  Christopher Shepard appeals from a judgment of conviction for gross sexual assault (Class A), 17-A M.R.S. § 253(1)(C) (2021), and sexual misconduct with a child under twelve years of age (Class C), 17-A M.R.S. § 258(1-A) (2021), entered in the trial court (Cumberland County, *Stewart, J.*) after a conditional guilty plea.  On appeal, Shepard argues that the trial court (*French, C.J.*) erred or abused its discretion in denying his motion to dismiss the indictment based on an alleged violation of the Interstate Compact on Detainers, 34-A M.R.S. §§ 9601-9636 (2021).  We disagree and affirm.

### I.  BACKGROUND

[¶2]  On June 9, 2017, a grand jury indicted Shepard on three counts of gross sexual assault, 17-A M.R.S. § 253(1)(C), and one count of sexual

misconduct with a child under twelve years of age, 17-A M.R.S. § 258(1-A). The indictment alleged that Shepard had engaged in sexual acts with a minor and that Shepard had displayed sexually explicit materials to a minor under twelve years of age with the intent of encouraging the minor to engage in sexual acts. The court (*Warren, J.*) issued an arrest warrant, but Shepard was arrested on separate charges in New York before Maine authorities were able to execute the warrant.

[¶3]  In November 2017, Shepard pleaded guilty in federal court in New York to possession of child pornography, *see* 18 U.S.C.S. § 2252A(a)(5)(B) (LEXIS through Pub. L. 117-80), and was sentenced to 180 months' imprisonment in a federal correctional institution in New York.

[¶4]  On June 14, 2018, the State of Maine lodged a detainer against Shepard, seeking to have him brought to trial on the charges in the indictment. On February 12, 2020, Shepard caused a letter to be delivered to the prosecuting officer in Cumberland County—but not to the trial court— requesting to be returned to Maine to face the charges against him pursuant to Article III of the Interstate Compact on Detainers (the Compact). *See* 34-A M.R.S. § 9603(1).

[¶5] In early March 2020, however, the COVID-19 pandemic caused the Maine Judicial Branch to take action to protect public health. On March 13, 2020, the Maine Supreme Judicial Court issued an emergency order postponing all jury trials, as well as the vast majority of criminal matters, until May 1, 2020. *See* Emergency Order and Notice from Maine Supreme Judicial Court Courthouse Safety and Coronavirus (COVID-19) at 1-3 (Mar. 13, 2020); *see also* Revised Emergency Order and Notice from the Maine Supreme Judicial Court Courthouse Safety and Coronavirus (COVID-19) at 1-2 (Mar. 18, 2020). This order permitted parties who had "urgent and compelling reasons" for needing in-person proceedings, including criminal trials, to petition the court to hold those proceedings. *See* Emergency Order and Notice from Maine Supreme Judicial Court Courthouse Safety and Coronavirus (COVID-19) at 2. The suspension of jury trials was later extended until September 7, 2020. *See, e.g.*, PMO-SJC-1 State of Maine Judicial Branch Pandemic Management Order at 3 (revised May 28, 2020). These orders did not toll any statutory deadlines. *See* Emergency Order and Notice from Maine Supreme Judicial Court Courthouse Safety and Coronavirus (COVID-19); *see also* PMO-SJC-2 State of Maine Judicial Branch Pandemic Management Order at 4 (Mar. 30, 2020)

4

(extending deadlines established by court order or court rule but expressly not extending statutory deadlines).

[¶6] Shepard was delivered to Maine and arraigned in July 2020. He pleaded not guilty.

[¶7] Article III of the Compact sets a 180-day deadline for bringing criminal defendants to trial when they properly request final disposition of the charges against them.[1] *See* 34-A M.R.S. § 9603(1). This period begins to run when the defendant's request is received by the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction. *Id.*; *Fex v. Michigan*, 507 U.S. 43, 52 (1993). If this deadline is not met, the charges against the defendant must be dismissed with prejudice.[2] 34-A M.R.S. § 9605(3).

[¶8] There are two exceptions to this strict deadline. First, a court may grant "any necessary or reasonable continuance" when "good cause [is] shown in open court," provided that the prisoner or his attorney is present, *see id.*

---

[1] This deadline is distinct from the 120-day deadline imposed by Article IV, which applies when the receiving state requests temporary custody of a defendant who does not seek final disposition of the charges against him. The 120-day period begins to run when the defendant arrives in the receiving state. *See* 34-A M.R.S. § 9604(3) (2021); *see also State v. Reeves*, 2022 ME 10, ¶ 18, --- A.3d ---.

[2] Although dismissal with prejudice is still the remedy provided in Maine, 34-A M.R.S. § 9605(3) (2021), the federal version of the Compact has been amended to give federal courts discretion as to whether dismissal for noncompliance with the Compact should be with prejudice or without prejudice when the receiving jurisdiction is the federal government. *See* 18 U.S.C.S. app. 2 § 9 (LEXIS through Pub. L. 117-80); *see also United States v. Kelley*, 402 F.3d 39, 41 (1st Cir. 2005).

§ 9603(1); *see also id.* § 9604(3). Second, the 180-day period is tolled "whenever and for as long as the prisoner is unable to stand trial, as determined by the court having jurisdiction of the matter." *See id.* § 9606.

[¶9] Cognizant of this deadline, the State filed a motion to extend the time to bring Shepard to trial pursuant to the "good cause" continuance provision. *See id.* § 9603(1). In support of its motion, the State argued that the difficulties in getting Shepard to Maine and the postponement of trial proceedings due to the COVID-19 pandemic constituted "good cause" to extend the deadline. This motion was filed on August 11, 2020—181 days after Shepard sent his letter to the prosecuting officer. *See* M.R.U. Crim. P. 45(a) (providing guidelines for the calculation of time).

[¶10] Shepard objected to the motion and moved to dismiss the charges against him, arguing that there was no good cause for a continuance because the delay was the fault of the State, which bore the burden of showing compliance with the Compact and had allegedly failed to prioritize the case against him.

[¶11] On September 25, 2020, after a hearing, the trial court (*French, C.J.*) granted the State's motion to extend time and denied Shepard's motion to dismiss. The trial court concluded that the postponement of judicial

6

proceedings due to the COVID-19 pandemic constituted good cause for a continuance under 34-A M.R.S. § 9603, stating that "where the State was unable to bring the defendant to trial because the courts had delayed all criminal jury trials by emergency orders, the delay is reasonable and necessary."

[¶12] On April 5, 2021, Shepard entered a conditional plea of guilty to all counts of the indictment. The court (*Stewart, J.*) sentenced him to seven and a half years' imprisonment for each count of gross sexual assault and five years' imprisonment for the sexual misconduct charge, all to be served concurrently with each other and with Shepard's ongoing 180-month sentence in federal prison.[3] Shepard timely appeals. *See* 15 M.R.S. § 2115 (2021); M.R. App. P. 2B(b).

## II. DISCUSSION

[¶13] Shepard argues that the continuance was ineffective because (A) it was granted outside the 180-day period provided by Article III of the Compact and (B) was unsupported by good cause. We disagree.

---

[3] The docket sheet erroneously states that Shepard was sentenced to seven and a half years' imprisonment for the sexual misconduct charge. We direct the trial court clerk to correct that error.

**A.** **We need not reach Shepard's argument as to the timing of the good cause continuance because the clock to try him never began to run.**

[¶14]  Shepard asserts that the extension of time granted by the trial court could not have extended the 180-day deadline because the extension was not granted until after the deadline had expired on August 10, 2020.  As a threshold matter, we need not address this issue because the argument was waived for want of development on appeal, given that it is only cursorily mentioned in Shepard's brief.  *See Mehlhorn v. Derby*, 2006 ME 110, ¶ 11 & n.6, 905 A.2d 290; *State v. Brunette*, 501 A.2d 419, 422 (Me. 1985).

[¶15]  More fundamentally, the argument presupposes that Shepard complied with the necessary procedures to start the running of the 180-day deadline.  This presupposition is unsupported by the record because Shepard failed to comply with the procedural requirements of Article III.  Hence, the 180-day period never began to run and, consequentially, the continuance was not granted outside the 180-day period.

[¶16]  Article III of the Compact allows a defendant to request final disposition of charges pending against him in another jurisdiction by "caus[ing] to be delivered to the prosecuting officer *and the appropriate court of the prosecuting officer's jurisdiction* written notice of the place of the [defendant's] imprisonment and the [defendant's] request for final disposition," after which

8

the State has 180 days to bring the defendant to trial. 34-A M.R.S. § 9603(1) (emphasis added). If the notice and request for disposition are not delivered to the appropriate court, the defendant has not complied with Article III and the 180-day period does not begin to run, even when the proper documents were submitted to the prosecuting officer. *See id.*; *United States v. Washington*, 596 F.3d 777, 780-81 (10th Cir. 2010); *United States v. Brewington*, 512 F.3d 995, 997 (7th Cir. 2008); *see also United States v. Dailey*, No. 2:12-00110-01, 2013 U.S. Dist. LEXIS 51172, at *26-34 (S.D. W. Va. Apr. 9, 2013).[4] It is not enough for the defendant to show that the notice and request were transmitted to the warden of the prison in which he is incarcerated—the burden is on the defendant to show that delivery to the prosecuting official and the appropriate court actually occurred. *See Fex*, 507 U.S. at 52; *Washington*, 596 F.3d at 780-81; *Brewington*, 512 F.3d at 997.

[¶17]  Shepard has not pointed to any part of the record that shows that the notice and request were delivered to the trial court on February 12, 2020, or, indeed, at all. Nor does the docket record or trial court file contain any

---

[4]  The Compact is subject to federal construction because it is a congressionally-sanctioned agreement made pursuant to the Compact Clause of the U.S. Constitution, art. I, § 10, cl. 3. *See New York v. Hill*, 528 U.S. 110, 111 (2000); *State v. Caulk*, 543 A.2d 1366, 1368 (Me. 1988).

indication that the necessary documents were delivered to the court.[5] At oral argument, Shepard acknowledged that the notice and request were initially delivered to the prosecution and not to the court, but hypothesized that the court must have eventually received the notice and request because he was ultimately brought to Maine for final disposition of the charges. This conjecture is insufficient for Shepard to meet his burden. Shepard's presence in Maine is not proof of the delivery—at any time—of the necessary documents to the court. *See Fex*, 507 U.S. at 52; *Washington*, 596 F.3d at 780-81; *Brewington*, 512 F.3d at 997.

**B.    The trial court did not err in denying Shepard's motion to dismiss because there was good cause for a continuance.[6]**

[¶18]   Even if we assume that a Compact clock for commencing trial began to run upon Shepard's arrival in Maine, the trial court properly denied Shepard's motion to dismiss because there was good cause for a continuance.

---

[5] The State represented at oral argument that it was not aware if the notice and request were ever delivered to the court.

[6] Because we conclude that the 180-day period under Article III never began, *see* 34-A M.R.S. § 9603(1) (2021), it is possible that the continuance may not have been necessary at all. On the other hand, the continuance may still have been necessary if the 120-day deadline set forth in Article IV, *see supra* n.1, was triggered by Shepard's arrival in Maine in July 2020. *See* 34-A M.R.S. § 9604(3). The applicability of the 120-day deadline was not briefed by the parties, and we need not reach this issue because we conclude that, in any event, there was good cause for the continuance.

[¶19]  Rulings on motions to dismiss under the Compact are reviewed de novo as to questions of law, for clear error as to factual findings, and for abuse of discretion as to the ultimate decision.  *See United States v. Kelley*, 402 F.3d 39, 41 (1st Cir. 2005); *see also In re Children of Shirley T.*, 2019 ME 1, ¶ 19 n.9, 199 A.3d 221 ("Given the various components of a good cause determination, we apply a mixed standard of review in this case.  As with other mixed questions of fact and law . . . we consider issues of law de novo, review for clear error the court's underlying factual findings, and otherwise review the ultimate decision for an abuse of discretion.").

[¶20]  Neither the statutory language nor the legislative history of the Compact provides guidance as to what constitutes good cause for a continuance.  *See* 34-A M.R.S. §§ 9603(1), 9604(3); *Brown v. Wolff*, 706 F.2d 902, 906 (9th Cir. 1983); *see generally* Council of State Gov'ts, Suggested State Legislation, Program for 1957 (1956).  Case law from other jurisdictions indicates that, although the prosecution bears the burden of showing good cause, *see State v. Bury*, 445 S.W.3d 594, 597 (Mo. Ct. App. 2014), a good cause continuance can be granted for a variety of reasons so long as the extension is reasonable or necessary, including for reasons unrelated to the conduct of the defendant.  For example, courts have granted good cause continuances when

witnesses for the prosecution were unavailable, *see Bruce v. State*, 781 A.2d 544, 551 (Del. 2001), *abrogated on other grounds by Baker v. State*, 906 A.2d 139, 150 n.20 (Del. 2006); when the trial judge was ill, *see People v. Watson*, 650 P.2d 1340, 1343 (Colo. App. 1982); when a case was unusually complex, *see State v. Hill*, 760 S.E.2d 802, 807 (S.C. 2014); and when additional time for preparation was necessary in light of a prosecutor's departure, *see State v. Clifton*, 777 A.2d 1272, 1280 (R.I. 2001). Even a congested docket, though it does not constitute per se good cause, can be sufficient if the trial court takes affirmative steps to try the defendant within the applicable time limit. *See Haigler v. United States*, 531 A.2d 1236, 1244 (D.C. 1987); *United States v. Ford*, 550 F.2d 732, 743 (2d Cir. 1977).

[¶21] In contrast, delays that occur merely because of the State's or the court's oversight do not constitute good cause for a continuance under the Compact. *See Commonwealth v. Wilson*, 331 A.2d 792, 794 (Pa. Super. Ct. 1974) (concluding that delay due to the unexplained inaction of the trial court was not reasonable or necessary); *Dennett v. State*, 311 A.2d 437, 442 (Md. Ct. Spec. App. 1973) (concluding that there was no good cause for an extension of time based on the prosecution's claim that it was unprepared for trial).

[¶22] Here, the trial court granted the continuance on the grounds that "the delay was occasioned by the global COVID-19 pandemic, which is beyond the control of all parties" and that "the State was unable to bring the defendant to trial because the courts had delayed all criminal jury trials by emergency orders, [and therefore] the delay is reasonable and necessary." This justification is sufficient to support a finding of good cause.

[¶23] In order to address the serious public health risks posed by the COVID-19 pandemic and prevent the spread of disease, the Maine Supreme Judicial Court issued pandemic management orders postponing jury trials until September 7, 2020, at the earliest.[7] *See* PMO-SJC-1 State of Maine Judicial Branch Pandemic Management Order at 3 (revised May 28, 2020). Due to concerns about the ability to hold proceedings safely, the judicial branch's phased management plan further extended the timeline for holding jury trials, providing that only pilot trials could be held until October 19, 2020, *see* State of Maine Judicial Branch COVID-19 Phased Management Plan at 12-13 (revised July 31, 2020)—a limitation that was later extended until November 9, 2020,

---

[7] We take judicial notice of the pandemic management orders and phased management plans issued by the Maine Supreme Judicial Court as matters of public record. *See Reeves*, 2022 ME 10, ¶ 31 n.7, --- A.3d ---; *D'Amato v. S.D. Warren Co.*, 2003 ME 116, ¶ 13 n.2, 832 A.2d 794.

*see* State of Maine Judicial Branch COVID-19 Phased Management Plan at 10-11 (revised Aug. 28, 2020).

[¶24] As a result of these pandemic management orders and plans, it would have been exceptionally difficult—if indeed possible at all—to actually hold a jury trial at the time that the court ruled on Shepard's motion to dismiss and the State's request for an extension of time. This supports the determination that good cause existed for the continuance.

[¶25] Moreover, this is not a case where the State's oversight caused the delay, *cf. Dennett*, 311 A.2d at 442, or where the trial court could have solved the problem by reassigning cases, *cf. Ford*, 550 F.2d at 743. Instead, the trial court and the State were responding to a crisis outside of their control—a crisis that required unprecedented limitations on jury trials.

[¶26] Shepard's contention that good cause did not exist because the Supreme Judicial Court did not issue an order expressly finding good cause is unavailing. Although this approach has been taken in other states, *see In re Court Operations Under the Exigent Circumstances Created by COVID-19 (Fourth Extension of Standing Order 2020-12)*, No. 2021-04, 2021 U.S. Dist. LEXIS 46670, at *9 (D.N.J. Mar. 11, 2021), it does not follow that a blanket order expressly

finding good cause or tolling the statutory deadline is necessary to support a determination of good cause in a particular case.

[¶27] Accordingly, we conclude that the trial court did not abuse its discretion in denying Shepard's motion to dismiss based on the Compact because the State met its burden of showing that good cause existed for an extension of time.[8]

The entry is:

> Judgment affirmed. Remanded to the trial court to correct the docket record to reflect that Shepard was sentenced to five years' imprisonment—not seven and a half years' imprisonment—for sexual misconduct with a child.

---

[8] The trial court also concluded that the "unable to stand trial" tolling provision in 34-A M.R.S. § 9606 (2021) did not apply because the delay was not occasioned by Shepard. Because we conclude that good cause existed for a continuance, we need not decide whether this conclusion was correct or address Shepard's argument that "trial" should be interpreted to include the plea-bargaining process. We note, however, that in *State of Maine v. Carine Reeves*, we conclude that a defendant was unable to stand trial from March 13, 2020, to September 7, 2020—the period when the Maine Supreme Judicial Court's pandemic management orders precluded jury trials. *See Reeves*, 2022 ME 10, ¶ 33, --- A.3d ---.

Robert C. Andrews, Esq. (orally), Portland, for appellant Christopher Shepard

Jonathan Sahrbeck, District Attorney, and Angela Cannon, Asst. Dist. Atty. (orally), Prosecutorial District No. 2, Portland, for appellee State of Maine

Cumberland County Unified Criminal Docket docket number CR-2017-3236
FOR CLERK REFERENCE ONLY